IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Wiley Y. Daniel

Civil Action No. 07-cv-01480-WYD

CHARLES PRUITT,

    Applicant,

v.

STEVE HARTLEY, Warden L.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER OF DISMISSAL

    Applicant Charles Pruitt is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility at Limon, Colorado. Mr. Pruitt has filed **pro se** an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Denver District Court case number 02CR5023. In an order filed on August 3, 2007, I directed Respondents to file an answer to the habeas corpus application. On August 17, 2007, Respondents filed their answer. On September 12, 2007, Mr. Pruitt filed a traverse to Respondents' answer. On November 16, 2007, I ordered Respondents to provide the state court record of Mr. Pruitt's criminal case. The state court record was received on December 10, 2007.

    I must construe the application and other papers filed by Mr. Pruitt liberally because he is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not

be the *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. After reviewing the entire file, I find that an evidentiary hearing is not necessary. For the reasons stated below, the habeas corpus application will be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Pruitt was convicted of one count of securities fraud pursuant to a guilty plea in 2004. He was sentenced to twelve years in prison and five years of mandatory parole. Mr. Pruitt did not file a direct appeal. Instead, he filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. The trial court denied the Rule 35(c) motion and on April 26, 2007, the Colorado Court of Appeals affirmed the denial of the Rule 35(c) motion. **See People v. Pruitt**, No. 05CA0772 (Colo. Ct. App. Apr. 26, 2007) (not selected for publication).

Mr. Pruitt claims in this action that he was denied his Sixth Amendment right to counsel when the trial court declined to appoint counsel and that, as a result of not being represented by counsel, his guilty plea was not voluntary. Respondents concede that the instant action is timely filed. **See** 28 U.S.C. § 2244(d). Although Respondents argue that Mr. Pruitt has failed to exhaust state court remedies, I need not resolve the exhaustion issue because, for the reasons discussed below, I find that Mr. Pruitt's claims lack merit. **See** 28 U.S.C. § 2254(b)(2).

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

2

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Claims of legal error and mixed questions of law and fact are reviewed pursuant to 28 U.S.C. § 2254(d)(1). **See Cook v. McKune**, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question pursuant to § 2254(d)(1) is whether Mr. Pruitt seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final. **See Williams v. Taylor**, 529 U.S. 362, 390 (2000). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id*. at 412. Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case **sub judice**. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

**House v. Hatch**, 527 F.3d 1010, 1016 (10th Cir. 2008).

If there is no clearly established federal law, that is the end of my inquiry pursuant to § 2254(d)(1). **See id**. at 1018. If a clearly established rule of federal law is implicated, I must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law. **See Williams**, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." **Maynard** [**v. Boone**], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting **Williams**, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" **Williams**, 529 U.S. at 405 (citation omitted).
>
> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. **Id**. at 407-08. Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.

**House**, 527 F.3d at 1018.

My inquiry pursuant to the "unreasonable application" clause is an objective inquiry. **See Williams**, 529 U.S. at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." **Id**. at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." **Maynard**, 468 F.3d at 671. "[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." **Id**.

4

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2). **See Romano v. Gibson**, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002). Section 2254(d)(2) allows me to grant a writ of habeas corpus only if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. Pursuant to § 2254(e)(1), I must presume that the state court's factual determinations are correct and Mr. Pruitt bears the burden of rebutting the presumption by clear and convincing evidence. "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'" **Miller-El v. Dretke**, 545 U.S. 231, 240 (2005) (quoting **Miller-El v. Cockrell**, 537 U.S. 322, 340 (2003)).

Finally, I "owe deference to the state court's **result**, even if its reasoning is not expressly stated." **Aycox v. Lytle**, 196 F.3d 1174, 1177 (10th Cir. 1999). Therefore, I "must uphold the state court's summary decision unless [my] independent review of the record and pertinent federal law persuades [me] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." **Id.** at 1178. "[T]his 'independent review' should be distinguished from a full de novo review of the petitioner's claims." **Id.**

### III. MERITS OF THE CLAIMS

As noted above, Mr. Pruitt claims that his Sixth Amendment right to counsel was violated because the trial court declined to appoint counsel and that his guilty plea was not voluntary as a result. I first will address Mr. Pruitt's contention that he was denied counsel.

5

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." The right to counsel includes not only the right to retain counsel, but also the right of an indigent defendant to have counsel appointed for him at state expense. **Gideon v. Wainwright**, 372 U.S. 335 (1963). Of course, a defendant who is not indigent does not have a constitutional right to appointment of counsel at state expense. **See United States v. Kahan**, 415 U.S. 239, 243 (1974).

Mr. Pruitt was denied appointment of counsel at state expense because the state courts determined, as a factual matter, that he was not indigent. The Colorado Court of Appeals described the factual background relevant to this claim as follows:

> On at least two occasions during the proceedings, defendant sought appointment of a public defender to represent him. On both occasions, however, it was determined that defendant did not meet the financial guidelines for court-appointed counsel because he had substantial assets and income. At a hearing on defendant's second such request, defendant represented that he would soon retain counsel, but requested that the court set the trial date sufficiently down the road for him to be able to do so. Defendant indicated that he did not object to the date set by the court.
>
> On April 30, 2004, two months before the scheduled trial date, defendant sent a letter to the court stating that he had quit his job because of a dispute over compensation. He requested appointment of an attorney, but went on to say he had another job, was going to truck driver school, would have a job driving a "big rig" before graduating, and would "be able to pay [a lawyer] once I am driving a truck."
>
> On July 19, 2004, defendant sent another letter to the court, stating that he was considering a plea agreement offered by the prosecution, and asking whether he would be

permitted to work at a job before sentencing if he were to
agree to the plea offer.

     On the day the trial was to commence, defendant and
the People reached an agreement on a plea, pursuant to
which defendant would plead guilty to one count of securities
fraud, a class three felony, and the People would dismiss the
remaining charges. Prior to the Crim. P. 11 advisement, the
prosecutor recited the history of the case, including
defendant's prior requests for appointment of counsel. The
court reaffirmed that defendant had not demonstrated that
he qualified for court-appointed counsel at any time in the
case. Defendant asked the court questions about the plea
agreement, but did not mention any desire to have counsel
appointed to advise him. To the contrary, defendant stated:

     I just want to state my position and the reason I
want to, you know, this has gone on long
enough and I thought I would have the income
to afford an attorney but evidently – I mean if
the time is done, you know, this has to go to
court, then I'm willing to resolve the matter.

     Defendant then indicated that he had obtained a job
with a trucking company.

**People v. Pruitt**, slip copy at 1-3. Based on this factual background, the Colorado

Court of Appeals rejected Mr. Pruitt's claim that he was denied his right to counsel.

     On appeal, defendant merely contends, without any
record support, that he was entitled to court-appointed
counsel because of his financial situation. However, when
the matter was raised in the district court defendant did not
challenge the conclusions of the public defender or the
findings of the district court that he was ineligible. Indeed, at
the March 2004 hearing on his second request he conceded
his disqualification and indicated he would soon retain
counsel. Though he subsequently told the court, in a letter,
that he had lost one of his jobs, and therefore wanted court-
appointed counsel, he later indicated he had obtained
another job and would be able to pay an attorney. At no
time did he present any evidence to the court showing

7

> financial eligibility for court-appointed counsel.
>
> While a defendant has a constitutional right to counsel, see U.S. Const. Amend. VI; Colo. Const. art. II, § 16, he does not have a right to court-appointed counsel at state expense unless he cannot afford to pay an attorney himself.
>
> Here, the record amply supports the district court's conclusion in denying defendant's motion that defendant did not qualify for court-appointed counsel. It therefore follows that he was not denied his right to counsel. Moreover, defendant agreed to plead guilty following a thorough Crim P. 11 advisement (which included an advisement of his right to counsel), before the court ruled on his latest request for appointment of counsel. He thereby waived any claim that he was denied the right to counsel.

*Id*. at 4-5 (citations omitted).

Mr. Pruitt attempts to demonstrate that he was indigent, and thus entitled to court-appointed counsel, by submitting copies of tax records and letters he sent to the prosecutors and the trial court. I have reviewed the documents and find that Mr. Pruitt fails to present clear and convincing evidence to rebut the presumption of correctness that attaches to the state courts' factual determination that he was not indigent. Furthermore, the state court applied the correct law and correctly determined that Mr. Pruitt was not entitled to court-appointed counsel because he was not indigent. Therefore, I find that Mr. Pruitt's Sixth Amendment right to counsel was not violated.

I next will address Mr. Pruitt's argument that his plea was not voluntary because he was denied counsel. Mr. Pruitt conflates the issue of the voluntariness of his guilty plea with the issue of the voluntariness of his waiver of counsel and his arguments focus on the voluntariness of his waiver of his right to counsel. As stated by Mr. Pruitt in

8

his traverse,

> denial of counsel for Mr. Pruitt at his providency/sentencing hearing is the essence of his claim that his plea was not voluntarily entered as he relied upon opposing [sic] counsel's advice, which was to his detriment as he did not receive probation, but rather a long term of prison plus 5 years of mandatory parole.

(Traverse at 6.) Mr. Pruitt specifically claims that his waiver of his right to counsel was not voluntary because, although he received "a brief advisory on the right to counsel," the trial court "did not advise Mr. Pruitt of the dangers of proceeding pro-se." (Traverse at 5.)

A defendant in a criminal proceeding has a constitutional right to waive his right to counsel and to represent himself. **Faretta v. California**, 422 U.S. 806, 817 (1975). In order to be effective, a waiver of counsel must be knowing, voluntary, and intelligent. **See Iowa v. Tovar**, 541 U.S. 77, 88 (2004). Whether a waiver is knowing, voluntary, and intelligent "depends in each case upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." **Edwards v. Arizona**, 451 U.S. 477, 482 (1981). In the context of a criminal proceeding that goes to trial, warnings regarding the pitfalls of proceeding without counsel must be rigorously conveyed. **See Patterson v. Illinois**, 487 U.S. 285, 299 (1988). However, "at earlier stages of the criminal process, a less searching or formal colloquy may suffice." **Tovar**, 541 U.S. at 89. In the context of a criminal proceeding that is resolved by a guilty plea prior to trial, "[t]he constitutional requirement [for an effective waiver of counsel] is satisfied when the trial court informs the accused of the

9

nature of the charges against him, of his right to be counseled regarding his plea, and of the range of allowable punishments attendant upon the entry of a guilty plea." *Id.* at 81.

The issue of whether a waiver of the right to counsel is knowing, voluntary, and intelligent is a mixed question of law and fact. ***See Strozier v. Newsome***, 926 F.2d 1100, 1104 (11th Cir. 1991). Finally, Mr. Pruitt bears the burden of proving that he did not competently and intelligently waive his right to the assistance of counsel. ***See Tovar***, 541 U.S. at 92.

As noted above, Mr. Pruitt's claim that his guilty plea was not voluntary is premised on his argument that he did not waive his right to counsel voluntarily. Mr. Pruitt's argument that he did not waive his right to counsel voluntarily is premised on his argument that he was not advised specifically of the dangers of proceeding ***pro se***. However, Mr. Pruitt concedes that he was advised of the elements of the offense to which he was pleading guilty, the possible punishments he faced, and of his right to counsel. (***See*** Traverse at 5.) The Colorado Court of Appeals also determined that Mr. Pruitt "agreed to plead guilty following a thorough Crim P. 11 advisement (which included an advisement of his right to counsel)." ***People v. Pruitt***, slip copy at 5. My review of the state court record, including the transcript of the providency hearing at which Mr. Pruitt was advised of his rights and agreed to waive those rights and enter a guilty plea, also reveals that Mr. Pruitt received an adequate advisement regarding the nature of the charges, his right to counsel, and the range of the punishments he faced. That is all the Constitution requires in order for Mr. Pruitt's waiver of his right to counsel to be knowing, voluntary, and intelligent in the context of his guilty plea. ***See Tovar***,

541 U.S. at 81. In addition, even though not constitutionally required, my review of the state court record also reveals that the trial court did advise Mr. Pruitt at two other hearings on December 16, 2002, and October 6, 2003, that it was not in his best interest to represent himself and that he should make every effort to obtain counsel. Therefore, for all of these reasons, I find that Mr. Pruitt fails to demonstrate the waiver of his right to counsel was not knowing, voluntary, and intelligent. Accordingly, it is

ORDERED that the habeas corpus application is DENIED and the action is DISMISSED WITH PREJUDICE. It is

FURTHER ORDERED that each party shall bear his own costs and attorney's fees.

Dated: September 22, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge